*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                               Case No.:  **18-11293**

    **David M. Cross**                                      Chapter 13

           Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This plan is:
- [x] Original
- [ ] Amended *(Identify First, Second, Third, etc.)*
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered:* _____ *)*

Date this plan was filed:  **5/15/2018** _____

---

## PART 1: NOTICES

### TO ALL INTERESTED PARTIES:

You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

### TO CREDITORS:

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

### TO DEBTOR(S):

You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

#### FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

---

## PART 2: PLAN LENGTH AND PAYMENTS

**A.**    **LENGTH OF PLAN:**

- [ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- [x] 60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

**STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. 1322(d): The Chapter 13 plan must be longer than thirty-six (36) months because Debtor's available income is insufficient to complete the plan in less time than stated above under the Terms of the Plan.**

**B.**    **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $634.00 | 60 |

**C.**  **ADDITIONAL PAYMENTS:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                    **$38,040.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.**  **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
      *Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    **17 Ellis Avenue**
                                        **Hanover MA 02339-0000**
The Debtor(s) estimates that the fair market value of the Principal Residence is:                    **$479,000.00**

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| **BSI Financial Services** | **Mortgage Installment Loan** | **$26,917.20** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**26,917.20**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| **-NONE-** | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $26,917.20**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid directly by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **BSI Financial Services** | **Mortgage Installment Loan** | **17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

B.    **MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☑    **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

    **(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☑    **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

    **(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☑    **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

    **(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☐    **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.*

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| Name of Creditor | Exhibit Table (e.g., 3.1, 3.2, 3.3) |
|---|---|
| American Express Centurion Bank | 3.1 |
| Metropolitan Truck Center, Inc. | 3.2 |
| Midland Funding | 3.3 |
| Mr. Gregory R. Boyle | 3.4 |
| Rachel Holding Corp. | 3.5 |

          **Total Claim(s) under Part 3.B.3 to be paid through this Plan: $0.00**

C.    **SURRENDER OF COLLATERAL:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐    **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | 2015 Tax Liability | $4,199.43 |
| Mass. Dept. of Revenue | 2015 Tax Liability | $1,076.54 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $5,275.97**

**C.    ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Peter M. Daigle | $1,970.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER (*Describe*):**

| |
|---|
| -NONE- |

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $1,970.00**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:                                    NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑    **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **72.83**, which the Debtor(s) estimates will provide a dividend of **0.09** %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than ___% of its allowed claim.

**A.    GENERAL UNSECURED CLAIMS:**                                    $**36,374.34**

**B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| American Express Centurion Bank | 17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268. | $8,128.84 |
| Metropolitan Truck Center, Inc. | 17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268. | $6,352.81 |
| Midland Funding | 17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268. | $11,519.75 |
| Mr. Gregory R. Boyle | 17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268. | $878.29 |
| Rachel Holding Corp. | 17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268. | $20,468.99 |

**C.**    **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**D.**    **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.**    **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $83,723.02

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $72.83

**F.**    **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*):

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00

## PART 6:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7:    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

☐ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| /s/ David M. Cross | May 15, 2018 |
|---|---|
| David M. Cross | Date |
| Debtor | |

| | |
|---|---|
| Debtor | Date |

| /s/ Peter M. Daigle | Date | May 15, 2018 |
|---|---|---|

Signature of attorney for Debtor(s)
**Peter M. Daigle**
**640517 MA**
**Daigle Law Office**
**1550 Falmouth Road**
**Suite 10**
**Centerville, MA 02632**
**(508) 771-7444**
**pmdaigleesq@yahoo.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☑ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☑ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| *List additional exhibits if applicable.* |
|---|
| |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 18

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$26,917.20** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$5,275.97** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$1,970.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$72.83** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$34,236.00** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$38,040.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$634.00** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $**634.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following*:

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

**A. REAL PROPERTY**

| Address (*Sch. A/B, Part 1*) | Value (*Sch. A/B, Part 1*) | Lien (*Sch. D, Part 1*) | Exemption (*Sch. C*) |
|---|---|---|---|
| **17 Ellis Avenue Hanover, MA 02339  Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | **479,000.00 Debtor owns 50%** | **334,513.68** | **119,591.84** |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$  479,000.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$  72,243.16** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$  72,243.16** |
| **Amount Real Property Available in Chapter 7:** | **$  0.00** |

**B. MOTOR VEHICLES**

| Make, Model and Year (*Sch. A/B, Part 2*) | Value (*Sch. A/B, Part 2*) | Lien (*Sch. D, Part 1*) | Exemption (*Sch. C*) |
|---|---|---|---|
| **-NONE-** | | | |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$  0.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$  0.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$  0.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$  0.00** |

**C. ALL OTHER ASSETS** (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien (*Sch. D, Part 1*) | Exemption (*Sch. C*) |
|---|---|---|---|
| **Household Goods** | **5,000.00** | **0.00** | **5,000.00** |
| **Term Life Insurance Policy (through employer)** | **0.00** | **0.00** | **0.00** |
| **Misc. Clothing** | **500.00** | **0.00** | **500.00** |
| **Misc. Jewelry: Wedding Bank & Watch** | **100.00** | **0.00** | **100.00** |
| **Personal Checking Account: Citizens Bank** | **300.00** | **0.00** | **300.00** |
| **Personal Checking Account: Citizens Bank** | **1,000.00** | **0.00** | **1,000.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$  6,900.00** |
| **Total Net Equity for All Other Assets**  (*Value Less Liens*): | **$  6,900.00** |
| **Less Total Exemptions for All Other Assets:** | **$  6,900.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$  0.00** |

**D. SUMMARY OF LIQUIDATION ANALYSIS**

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | **$                    0.00** |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | **$                    0.00** |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | **$                    0.00** |

**TOTAL AVAILABLE IN CHAPTER 7:**          **$ _____ 0.00**

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

| |
|---|
| |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**EXHIBIT 3.1**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | **David M. Cross** | |
| Name of Creditor: | **American Express Centurion Bank** | |
| Collateral: | **17 Ellis Avenue Hanover, MA 02339  Plymouth County** | |
| | **Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $  8,128.84 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $  298,684.75 | |
| (c) Value of claimed exemptions: | $  119,591.84 | |
| (d) Total (a), (b), and (c): | $  426,405.43 | |
| (e) Value of interest in property of the Debtor(s):*** | $  479,000.00 | |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $  -52,594.57 | |
| ☐ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☑ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $  $60,723.41 | |
| Interest Rate (if applicable): | 0.00      % | |
| Monthly payment on secured claim | $  $0.00 | |
| Estimated total payment on secured claim | $  $0.00 | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | | |
| **Town Assessment** | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                                      Case No.:  **18-11293**

     **David M. Cross**                                                            Chapter 13

              Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **American Express Centurion Bank**   pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **American Express Centurion Bank**   recorded on **August 21, 2008** at **Plymouth County Registry of Deeds** at **Bk 36291 Pg 315-316** impairs the Debtor(s)' exemption in  **17 Ellis Avenue Hanover, MA 02339  Plymouth County**
**Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.**   (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____

United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**EXHIBIT 3.2**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| | | |
|---|---|---|
| **Information Regarding Judicial Lien or Security Interest** | | |
| Name of Debtor(s):* | **David M. Cross** | |
| Name of Creditor: | **Metropolitan Truck Center, Inc.** | |
| Collateral: | **17 Ellis Avenue Hanover, MA 02339  Plymouth County** | |
| | **Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $    **6,352.81** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $    **327,282.58** | |
| (c) Value of claimed exemptions: | $    **119,591.84** | |
| (d) Total (a), (b), and (c): | $    **453,227.23** | |
| (e) Value of interest in property of the Debtor(s):*** | $    **479,000.00** | |
| (f) Subtract (e) from line (d): | $    **-25,772.77** | |
| Extent of exemption impairment: (check applicable box below) | | |
| ☐    The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☑    A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $    **32,125.58** | |
| Interest Rate (if applicable): | **0.00**        % | |
| Monthly payment on secured claim | $    **0.00** | |
| Estimated total payment on secured claim | $    **0.00** | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | | |
| **Town Assessment** | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                        Case No.:  **18-11293**

    **David M. Cross**                                          Chapter 13

                         Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **Metropolitan Truck Center, Inc.**  pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **Metropolitan Truck Center, Inc.**  recorded on **December 6, 2016** at **Plymouth County Registry of Deeds** at **Bk 47851 Pg 56** impairs the Debtor(s)' exemption in  **17 Ellis Avenue Hanover, MA 02339  Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.**  (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____

United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Page 12 of 18

**EXHIBIT 3.3**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | **David M. Cross** | |
| Name of Creditor: | **Midland Funding** | |
| Collateral: | **17 Ellis Avenue Hanover, MA 02339  Plymouth County** **Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $   11,519.75 | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $   287,165.00 | |
| (c) Value of claimed exemptions: | $   119,591.84 | |
| (d) Total (a), (b), and (c): | $   418,276.59 | |
| (e) Value of interest in property of the Debtor(s):*** | $   479,000.00 | |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $   -60,723.41 | |
| ☐ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☑ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $   $72,243.16 | |
| Interest Rate (if applicable): | 0.00       % | |
| Monthly payment on secured claim | $   $0.00 | |
| Estimated total payment on secured claim | $   $0.00 | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): **Town Assessment** | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                          Case No.:  **18-11293**
        **David M. Cross**                                                      Chapter 13

                    Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **Midland Funding**  pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **Midland Funding**  recorded on **July 15, 2010** at **Plymouth County Registry of Deeds** at **Bk 38733 Pg 1** impairs the Debtor(s)' exemption in  **17 Ellis Avenue Hanover, MA 02339  Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.**   (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                                        By the Court,

                                                        _____
                                                        United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## EXHIBIT 3.4
## TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | **David M. Cross** | |
| Name of Creditor: | **Mr. Gregory R. Boyle** | |
| Collateral: | **17 Ellis Avenue Hanover, MA 02339  Plymouth County** **Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | $   **878.29** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $   **333,635.39** | |
| (c) Value of claimed exemptions: | $   **119,591.84** | |
| (d) Total (a), (b), and (c): | $   **454,105.52** | |
| (e) Value of interest in property of the Debtor(s):*** | $   **479,000.00** | |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $   **-24,894.48** | |
| ☐ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☑ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $   **$25,772.77** | |
| Interest Rate (if applicable): | **0.00**      % | |
| Monthly payment on secured claim | $   **$0.00** | |
| Estimated total payment on secured claim | $   **$0.00** | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): **Town Assessment** | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.4**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                                                                              Case No.:  **18-11293**
    **David M. Cross**                                                              Chapter 13

               Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **Mr. Gregory R.
Boyle**   pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the
Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled
any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7)
the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **Mr. Gregory R. Boyle**   recorded on **March 9, 2011** at **Plymouth County Registry of
Deeds** at **Bk 39734 Pg 169** impairs the Debtor(s)' exemption in   **17 Ellis Avenue Hanover, MA 02339  Plymouth County
Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.**   (the "Exempt Property") and
declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                 By the Court,

                                 _____

                                 United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

**EXHIBIT 3.5**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| **Information Regarding Judicial Lien or Security Interest** | | |
|---|---|---|
| Name of Debtor(s):* | **David M. Cross** | |
| Name of Creditor: | **Rachel Holding Corp.** | |
| Collateral: | **17 Ellis Avenue Hanover, MA 02339  Plymouth County** | |
| | **Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** | |

| **Calculation of Lien Avoidance** | |
|---|---|
| (a) Amount of lien: | $  **20,468.99** |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | $  **306,813.59** |
| (c) Value of claimed exemptions: | $  **119,591.84** |
| (d) Total (a), (b), and (c): | $  **446,874.42** |
| (e) Value of interest in property of the Debtor(s):*** | $  **479,000.00** |
| (f) Subtract (e) from line (d): Extent of exemption impairment: (check applicable box below) | $  **-32,125.58** |

| | |
|---|---|
| ☐ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | |
| ☑ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | |

| **Treatment of Remaining Secured Claim** | | |
|---|---|---|
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | $  **52,594.57** | |
| Interest Rate (if applicable): | **0.00**      % | |
| Monthly payment on secured claim | $  **0.00** | |
| Estimated total payment on secured claim | $  **0.00** | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |

| | |
|---|---|
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | |
| **Town Assessment** | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.5**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:                                             Case No.:   **18-11293**
      **David M. Cross**                                  Chapter 13

                         Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION\***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of **Rachel Holding Corp.** pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of **Rachel Holding Corp.** recorded on **December 7, 2009** at **Plymouth County Registry of Deeds** at **Bk 38002 Pg 132-134** impairs the Debtor(s)' exemption in **17 Ellis Avenue Hanover, MA 02339 Plymouth County Principal Residence; Declaration of Homestead recorded May 10, 2010: Book: 38506, Page: 268.** (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

                                   By the Court,

                                   _____

                                   United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                  Best Case Bankruptcy

OLF3A (Official Local Form 3A)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____     )
                                             )
IN RE:                                       )
DAVID CROSS                                  )        Chapter 13
        Debtor,                              )        Case No.:  18-11293
_____     )
```

**<u>CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN</u>**

I/We hereby certify that on May 15, 2018 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

The Debtor,
By His Attorney,


/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

Electronic Mail:
Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee

First Class Mail:

**Abell's One Hour Heating & A/C**
35 Shadwell Road
Scituate, MA 02066

**American Express**
PO Box 981535
El Paso, TX 79998

**American Express National Bank**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Arbour Hospital**
49 Robinwood Ave
Jamaica Plain, MA 02130

**BSI Financial Services**
314 S Franklin St
Titusville, PA 16354

**Caring For Women**
16 Commerce Blvd Ste 4
Middleboro, MA 02346

**Caring For Women**
Po Box 902 Unit 4
Middleboro, MA 02346

**Cavalry Portfolio Services**
Po Box 27288
Tempe, AZ 85285

**Cavalry Portfolio Services, LLC**
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595

**Cavalry Portfolio Svc/HSBC/Capital One**
Attn: Bankruptcy Department
500 Summit Lake Ste 400
Valhalla, NY 10595

**Central Credit Services LLC**
500 North Franklin Turnpike
Suite 200
Ramsey, NJ 07446

**Clear Spring Loan Services**
FOR HSA Fannie Mae Home Saver Advance
PO Box 52238
Idaho Falls, ID 83402

**Credit Collection Service**
Attn: Bankruptcy
Po Box 773
Needham, MA 02494

**Credit Collection Service**
Po Box 447
Norwood, MA 02062

**Diversified Adjustment Service, Inc.**
PO Box 32145

Minneapolis, MN 55432

**Diversified Consultants, Inc**
PO Box 551268
Jacksonville, FL 32255

**Diversified Consultants, Inc.**
Diversified Consultants, Inc.
Po Box 551268
Jacksonville, FL 32255

**Diversified Consultants, Inc.**
10550 Deerwood Park Blvd
Jacksonville, FL 32256

**Dynamic Recovery Solutions**
P.O. Box 25759
Greenville, SC 29616

**Frost - Arnett Company**
PO Box 198988
Nashville, TN 37219

**Gold & Vanaria PC**
FOR: Rachel Holding Corp.
12 Ingrahm Terrace
PO Box 30127
Springfield, MA 01103

**Grace Marie-Victoria Calamita, Esq.**
Howard Lee Schiff PC
FOR: Midland Funding, LLC
PO Box 280245
East Hartford, CT 06128

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101

**John Postl, PC**
FOR: Pierce Refrigeration, Inc.
35 Kingston Street
Second Floor
Boston, MA 02111

**Jonathan H. Allen**
Peskin, Courchesne & Allen, P.C.
1391 Main Street, Suite 201
Springfield, MA 01103

**Jonsthan H. Allen, Esq.**
Peskin, Courchesne & Allen, P.C.
1391 Main Street, Suite 201
Springfield, MA 01103

**Kream and Kream**
FOR: Arrow Financial
536 Broad Street
Suite 5
East Weymouth, MA 02189

**Lundy Plumbing**
5 Pinecrest Road
Hingham, MA 02043

**Mass. Dept. of Revenue**
Bankruptcy Unit
PO Box 9564
Boston, MA 02114

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

**Michienzie & Sawin, LLC**
745 Boylston Street
Boston, MA 02116

**Midland Funding**
2365 Northside Dr Ste 30
San Diego, CA 92108

**Midland Funding**
2365 Northside Dr Ste 300
San Diego, CA 92108

**Midland Funding LLC as Assignee**
of Credit One Bank, N.A.
c/o Schreiber/Cohen, LLC
53 Stiles Road, Suite A102
Salem, NH 03079

**Midland Funding, LLC**
Midland Credit Management, Inc.
as agent for Midland Funding, LLC
PO Box 2011
Warren, MI 48090

**Midland Funding, LLC**
c/o Howard Lee Schiff, PC
PO Box 280245
East Hartford, CT 06128

**Mr. Gregory R. Boyle**
18 Rolling Hills Drive
East Bridgewater, MA 02333

**National Recovery Agency**
2491 Paxton St
Harrisburg, PA 17111

**National Recovery Agency**
Attn: Bankruptcy
Po Box 67015
Harrisburg, PA 17106

**Nh Northeast Cr Svcs**
41 Simon St
Nashua, NH 03060

**NH Northeast Cr Svcs**
Po Box 746
Nashua, NH 03061

**Peskin, Courchesne & Allen, P.C.**
FOR: Metropolitan Truck Center, Inc.
1391 Main Street, Suite 201
Springfield, MA 01103

**Peter Roberts & Associates**
231 E Main St Suite 201
Milford, MA 01757

**Peter Roberts & Associates**
231 E Main St Ste 201
Milford, MA 01757

**Portfolio Recovery**
120 Corporate Blvd Ste 1
Norfolk, VA 23502

**Portfolio Recovery/Capital One Bank**
Po Box 41067
Norfolk, VA 23541

**South Shore Hospital - Business Office**
PO Box 1021
Pembroke, MA 02359

**South Shore Orthopedics**
2 Pond Park
Hingham, MA 02043

**Sprint**
P.O. Box 105243
Atlanta, GA 30348

**Stephen A. Wiener, Esq.**
Howard Lee Schiff PC
FOR: Discover Bank
PO Box 280245
East Hartford, CT 06108

**Verizon**
Verizon Wireless Bk Admin
500 Technology Dr Ste 550
Weldon Springs, MO 63304

**Verizon**
Po Box 650584
Dallas, TX 75265

**Zwicker & Associates**
FOR: American Express
PO Box 9013
Andover, MA 01810

OLF3B (Official Local Form 3B)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE:                              )
DAVID CROSS                         )                    Chapter 13
        Debtor,                     )                    Case No.:   18-11293
_____)

## **AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN**

I, Peter M. Daigle, Esq., certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on May 15, 2018.

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

Metropolitan Truck Center, Inc., Midland Funding, LLC, Gregory R. Boyle and Rachel Holding Corp. were notified via first class mail pursuant to Fed. R. Bankr. P. 7004(b)(3) as they are not an insured depository institution.

I declare that the foregoing is true and correct under penalty of perjury.

/s/ Peter M. Daigle_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 10
Centerville, MA 02632
(508) 771-7444

## **Electronic Mail:**

Carolyn Bankowski, US Trustee
John Fitzgerald, Asst. US Trustee

## **Certified Mail:**

**American Express Bank, FSB**
**Attention: Kenneth I. Chenault, CEO**
4315 South 2700 West
Salt Lake City, UT 84184

**First Class Mail:**

**American Express National Bank**
4315 South 2700 West, Mail Code: 02-01-47
Salt Lake City, UT  84184

**American Express Company**
C T Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

**Metropolitan Truck Center, Inc.**
**c/o Jonathan H. Allen, Esq.**
1391 Main Street, Suite 201
Springfield, MA 01103

**Midland Funding LLC**
Corporation Service Company
84 State Street
Boston, MA 02109

**Gregory R. Boyle**
18 Rolling Hills Dr.
East Bridgewater, MA 02333

**Rachel Holding Corp.**
c/o Alan James Vanaria
Gold & Vanaria, P.C.
12 Ingraham Terrace
P.O. Box 30127
Springfield, MA 01103-0127

**Rachel Holding Corp.**
Sammy Ahdoot, President
1 Linden Place
Suite 404
Great Neck, NY 11021

70605
Received & Recorded
PLYMOUTH COUNTY
REGISTRY OF DEEDS
21 AUG 2008  01:12PM
JOHN R. BUCKLEY, JR.
REGISTER
Bk 36291 Pg 315-316

| **EXECUTION** | DOCKET NUMBER<br>**200758CV000874** | **Trial Court of Massachusetts**<br>**District Court Department** |
|---|---|---|

| CASE NAME   AMERICAN EXPRESS CENTURION BANK   vs. DAVID CROSS A/K/A DAVID M CROSS |
|---|

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>P01    AMERICAN EXPRESS CENTURION BANK | CURRENT COURT<br>Hingham District Court<br>28 George Washington Blvd.<br>Hingham, MA 02043-1002<br>(781) 749-7000    (L.S.) |
|---|---|

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>P01   ERIN M. RECZEK<br>ZWICKER AND ASSOCIATES, P.C.<br>80 MINUTEMAN ROAD<br>ANDOVER, MA 01810 | FURTHER ORDERS OF THE COURT |
|---|---|

| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br>D01   DAVID CROSS A/K/A DAVID M CROSS<br>17 ELLIS AVE<br>HANOVER, MA 02339 | A TRUE COPY, ATTEST<br>*Dianne M Hogan*<br>DEPUTY SHERIFF |
|---|---|

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| 1. Judgment Total | $8,052.07 |
|---|---|
| 2. Date Judgment Entered | 04/07/2008 |
| 3. Date Execution Issued | 05/06/2008 |
| 4. Number of Days from Judgment to Execution (Line 3 - Line 2) | 29 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution (Lines 1x4x5) | $76.77 |
| 7. Postjudgment Costs (if any) | $0.00 |
| 8. Credits (if any) | $0.00 |
| 9.   **EXECUTION TOTAL** ( Lines 1 + 6 + 7, minus Line 8) | $8,128.84 |

| LEVYING OFFICER:    (a) Add daily interest from date execution issued. | |
|---|---|
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br>**WITNESS:**  Hon. Patrick J. Hurley | DATE EXECUTION ISSUED<br>05/06/2008 | CLERK-MAGISTRATE/ASST CLERK<br>X |
|---|---|---|

Date/Time Printed:  05/06/2008 10:22 AM                                                                FORM NO.

The Commonwealth of Massachusetts

 *County of Plymouth*

# Sheriff's Department
### Process Office



22 Cottage Street
P.O. Box 1663
Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649

Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 8/21/2008   Time: 9:39 AM

Plaintiff: American Express Centurion Bank

Plaintiff's Attorney:  Zwicker & Associates, P.C.
Attorney's telephone number:  (978)686-2255

Defendant:   **David Cross a/k/a David M. Cross**

Book: 16541 Page:  125

Court of Issue: Hingham District   Execution # 200758CV000874

a certain parcel of Land situated on the Southwesterly side of Ellis Avenue in Hanover, Plymouth County, Massachusetts, shown as lot number forty-six (46) on "Plan of Lots at Walnut Hill, Hanover, Mass. Developed for Petrell Land and Development Corporation-- Scale 40 feet to an inch-- October 27, 1952 , Lewis W. Perkins and Son, Eng'rs., Hingham, Mass." a copy of which plan is recorded with Plymouth County Registry of Deeds, Plan Book 9, Page 498.  Said Lot #46 contains 20,250 square feet of land and is bounded and described as follows, according to said plan:

NORTHEASTERLY        by the Southwesterly sideline of Ellis Avenue, one hundred
                     thirty-five and 00/100 (135.00) feet;

SOUTHEASTERLY        by Lot #48, one hundred fifty and 00/100 (150.00) feet;

SOUTHWESTERLY        by Lots #42 and #45, one hundred thirty-five and 00/100
                     (135.00) feet;

NORTHWESTERLY        by Lot #39 One hundred fifty and 00/100 (150.00) feet.

Being a portion of the premises which are the subject of Land Court Case, Number 23543- Petrell Land Development Corp., Petitioner.

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Plymouth County .

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff
Administrative

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM
HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH
PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN



Bk: 47851 Pg: 56 Page: 1 of 3
Recorded: 12/08/2016 02:12 PM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

**Plymouth County Sheriff's Department**
**22 Cottage Street**
**P.O. Box 1663**
**Brockton, MA 02303-1663**

| EXECUTION ON MONEY JUDGMENT | DOCKET NUMBER 1658CV000371 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**CASE NAME**
Metropolitan Truck Center, Inc. v. David Cross A/K/A David M. Cross a/k/a/ Dave Cross

| JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| David Cross A/K/A David M. Cross a/k/a/ Dave Cross<br>17 Ellis Avenue<br>Hanover, MA 02339 | Hingham District Court<br>28 George Washington Boulevard<br>Hingham, MA 02043 |
| | JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>Metropolitan Truck Center, Inc. |

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION | FURTHER ORDERS OF THE COURT |
|---|---|
| Jonathan H. Allen, Esq.<br>Peskin, Courchesne & Allen, PC<br>1391 Main Street, Suite 201<br>Springfield, MA 01103 | |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. C. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) has recovered judgment against the judgment debtor named above in the amount shown below:

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | | |
|---|---|---|
| 1. Judgment Total | | 6,327.83 |
| 2. Date Judgment Entered | | 11/18/2016 |
| 3. Date Execution Issued | | 11/30/2016 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | A TRUE COPY, ATTEST | 12 |
| 5. Annual Postjudgment Interest Rate | *Dianne m Hogan* | 0.12 |
| 6. Postjudgment Interest from Judgment to Execution *(lines 1x4x5)* | DEPUTY SHERIFF | $24.98 |
| 7. Postjudgment Costs *(if any)* | | $ |
| 8. Credits *(if any)* | | $ |
| 9. EXECUTION TOTAL *( Lines 1 + 6 + 7, minus Line 8)* | | $6,352.81 |

LEVYING OFFICER: (a) Add daily interest from date execution issued.
(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: Hon. Heather Bradley (L.S.) | 11/30/2016 | X |

039                    www.mass.gov/courts                    Date/Time Printed: 11-30-2016 09:47:32

Bk: 47251 Pg: 57

The Commonwealth of Massachusetts



*County of Plymouth*

# Sheriff's Department

Process Office

22 Cottage Street
P.O. Box 1663
Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649



Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 12/8/2016    Time: 8:30 AM

Plaintiff: Metropolitan Truck Center, Inc.

Plaintiff's Attorney:  Peskin, Courchesne & Allen, P.C.
Attorney's telephone number:  413-734-1002

Defendant:  **David Cross aka David M. Cross a/k/a Dave Cross**

**Book: 16541  Page:  125**

Court of Issue: Hingham District    Execution # 1658CV000371

16918694

## ** See Attached Description **

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate (not exempt by law from levy on execution) in Plymouth County **when it was attached on mesne process on November 10, 2016 and recorded in Book 47729 Page 58.**

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff
Administrative

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM
HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH
PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN

*17 Ellis ave, Hanover, Ma*

a certain parcel of Land situated on the Southwesterly side of Ellis Avenue in Hanover,
Plymouth County, Massachusetts, shown as lot number forty-six (46) on "Plan of Lots at
Walnut Hill, Hanover, Mass. Developed for Petrell Land and Development Corporation—
Scale 40 feet to an inch-- October 27, 1952 , Lewis W. Perkins and Son, Eng'rs., Hingham,
Mass." a copy of which plan is recorded with Plymouth County Registry of Deeds, Plan Book
9, Page 498. Said Lot #46 contains 20,250 square feet of land and is bounded and described
as follows, according to said plan:

NORTHEASTERLY          by the Southwesterly sideline of Ellis Avenue, one hundred
                       thirty-five and 00/100 (135.00) feet;

SOUTHEASTERLY          by Lot #48, one hundred fifty and 00/100 (150.00) feet;

SOUTHWESTERLY          by Lots #42 and #45, one hundred thirty-five and 00/100
                       (135.00) feet;

NORTHWESTERLY          by Lot #39 One hundred fifty and 00/100 (150.00) feet.

Being a portion of the premises which are the subject of Land Court Case, Number 23543-
Petrell Land Development Corp., Petitioner.



2010 00055934
Bk: 38733Pg: 1 Page: 1 of 3
Recorded: 07/15/2010 01:20 PM



ATTEST: John R Bradley Jr.
REGISTER
PLYMOUTH COUNTY REGISTRY OF DEEDS

| EXECUTION | DOCKET NUMBER 201058CV000074 | Trial Court of Massachusetts District Court Department |
|---|---|---|

CASE NAME MIDLAND FUNDING LLC AS ASSIGNEE FOR CITIBANK vs. DAVID M. CROSS

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED | CURRENT COURT |
|---|---|
| P01 MIDLAND FUNDING LLC AS ASSIGNEE FOR CITIBANK | Hingham District Court<br>28 George Washington Blvd.<br>Hingham, MA 02043-1002<br>(781) 749-7000 |
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION | FURTHER ORDERS OF THE COURT |
| P01 RICHARD S. DANIELS, JR<br>DANIELS LAW OFFICES, P.C.<br>1250 HANCOCK STREET STE 600N<br>P.O. BOX 699241<br>QUINCY, MA 02269-9241 | |
| JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED<br>D01 DAVID M. CROSS<br>17 ELLIS AVE<br>HANOVER, MA 02339 | A TRUE COPY, ATTEST<br>_Dianne M Hogan_<br>DEPUTY SHERIFF |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| 1. Judgment Total | $11,425.84 |
|---|---|
| 2. Date Judgment Entered | 03/15/2010 |
| 3. Date Execution Issued | 04/09/2010 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 25 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $93.91 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| **9. EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | **$11,519.75** |

LEVYING OFFICER: (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE<br>WITNESS: Hon. Patrick J. Hurley | (L.S.) | DATE EXECUTION ISSUED<br>04/09/2010 | CLERK-MAGISTRATE/ASST. CLERK<br>X |
|---|---|---|---|

Date/Time Printed: 04/09/2010 10:14 AM

FORM NO.



The Commonwealth of Massachusetts

22 Cottage Street

*County of Plymouth* ——————————

P.O. Box 1663

**Sheriff's Department**
Process Office

Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649



Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 7/15/2010   Time: 8:33 AM

Plaintiff: Midland Funding LLC As Assignee for Citibank

Plaintiff's Attorney:  Daniels Law Offices, P.C.
Attorney's telephone number:  (617)237-1300

Defendant:  **David M. Cross**

**Book: 16541 Page: 125**

Court of Issue: Hingham District   Execution # 201058CV000074

## **SEE ATTACHED DESCRIPTION**

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Plymouth County.

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff
Administrative

*ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON*
*HINGHAM • HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL*
*PEMBROKE • PLYMOUTH • PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN*

a certain parcel of Land situated on the Southwesterly side of Ellis Avenue in Hanover, Plymouth County, Massachusetts, shown as lot number forty-six (46) on "Plan of Lots at . Walnut Hill, Hanover, Mass. Developed  for Petrell Land and Development Corporation-- Scale 40 feet to an inch-- October 27, 1952 , Lewis W. Perkins and Son, Eng'rs., Hingham, Mass." a copy  of which plan is recorded with Plymouth County Registry of Deeds, Plan Book 9, Page 498.  Said Lot #46 contains 20,250 square feet of land and is bounded and described as follows, according to said plan:

NORTHEASTERLY              by the Southwesterly sideline of Ellis Avenue, one hundred
                                        thirty-five and 00/100 (135.00) feet;

SOUTHEASTERLY              by Lot #48, one hundred fifty and 00/100 (150.00) feet;

SOUTHWESTERLY            by Lots #42 and #45, one hundred thirty-five and 00/100
                                        (135.00) feet;

NORTHWESTERLY            by Lot #39 One hundred fifty and 00/100 (150.00) feet.

Being a portion of the premises which are the subject of Land Court Case, Number 23543- Petrell Land Development Corp., Petitioner.

2011 00020194
Bk: 39734 Pg: 169 1 of 3
Recorded: 03/09/2011 01:40 PM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

| **EXECUTION** | DOCKET NUMBER<br>200915SC002449 | Trial Court of Massachusetts<br>District Court Department<br>Small Claims Session |
|---|---|---|

CASE NAME  GREGORY R. BOYLE  vs.  DAVID M. CROSS

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>P01  GREGORY R. BOYLE | CURRENT COURT<br>Brockton District Court<br>215 Main Street<br>P.O. Box 7610<br>Brockton, MA 02303-7610<br>(508) 587-8000  |
|---|---|

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>P01  GREGORY R. BOYLE<br>18 ROLLING HILLS DR<br>E BRIDGEWATER, MA 02333 | FURTHER ORDERS OF THE COURT |
|---|---|
| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br>D01  DAVID M. CROSS<br>17 ELLIS AV<br>HANOVER, MA 02339 | A TRUE COPY, ATTEST<br><br>DEPUTY SHERIFF |

TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| 1. Judgment Total | $802.08 |
|---|---|
| 2. Date Judgment Entered | 09/01/2009 |
| 3. Date Execution Issued | 06/17/2010 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 289 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $76.21 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $878.29 |

| LEVYING OFFICER:  (a) Add daily interest from date execution issued. | |
|---|---|
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br>WITNESS:  Hon. Paul C. Dawley | DATE EXECUTION ISSUED<br>06/17/2010 | CLERK-MAGISTRATE/ASST. CLERK<br>X |
|---|---|---|

Date/Time Printed:  06/17/2010 12:21 PM

FORM NO.

The Commonwealth of Massachusetts

County of Plymouth

**Sheriff's Department**
Process Office

22 Cottage Street

P.O. Box 1663

Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649

Joseph D. McDonald, Jr.
Sheriff



Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 3/9/2011   Time: 8:30 AM
Plaintiff: Gregory R. Boyle

. Defendant:  **David M. Cross**

**Book: 16541 Page: 125**

Court of Issue: Brockton District    Execution # 200915SC002449

# *** SEE ATTACHED ***

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Plymouth County .

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the within named judgment creditor.

Deputy Sheriff
Administrative

BK 16541 PG 125

a certain parcel of Land situated on the Southwesterly side of Ellis Avenue in Hanover,
Plymouth County, Massachusetts, shown as lot number forty-six (46) on "Plan of Lots at
Walnut Hill, Hanover, Mass. Developed for Petrell Land and Development Corporation--
Scale 40 feet to an inch-- October 27, 1952 , Lewis W. Perkins and Son, Eng'rs., Hingham,
Mass." a copy of which plan is recorded with Plymouth County Registry of Deeds, Plan Book
9, Page 498. Said Lot #46 contains 20,250 square feet of land and is bounded and described
as follows, according to said plan:

NORTHEASTERLY           by the Southwesterly sideline of Ellis Avenue, one hundred
                        thirty-five and 00/100 (135.00) feet;

SOUTHEASTERLY           by Lot #48, one hundred fifty and 00/100 (150.00) feet;

SOUTHWESTERLY           by Lots #42 and #45, one hundred thirty-five and 00/100
                        (135.00) feet;

NORTHWESTERLY           by Lot #39 One hundred fifty and 00/100 (150.00) feet.

Being a portion of the premises which are the subject of Land Court Case, Number 23543-
Petrell Land Development Corp., Petitioner.

108844
Received & Recorded
PLYMOUTH COUNTY
REGISTRY OF DEEDS
07 DEC 2009  01:11PM
JOHN R. BUCKLEY, JR.
REGISTER
Bk 38002 Pg 132-134

| **EXECUTION** | DOCKET NUMBER<br>**200958CV000687** | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

CASE NAME  **RACHEL HOLDING CORP.  vs.  DAVID CROSS A/K/A DAVID M. CROSS**

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>P01   RACHEL HOLDING CORP. | CURRENT COURT<br>Hingham District Court<br>28 George Washington Blvd.<br>Hingham, MA 02043-1002<br>(781) 749-7000 |
|---|---|

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>P01   ALAN JAMES VANARIA<br>        GOLD & VANARIA, P.C.<br>        12 INGRAHAM TERRACE<br>        P.O. BOX 30127<br>        SPRINGFIEL, MA 01103-0127 | FURTHER ORDERS OF THE COURT |
|---|---|
| JUDGMENT DEBTOR  AGAINST WHOM EXECUTION IS ISSUED<br>D01   DAVID CROSS A/K/A DAVID M. CROSS<br>        17 ELLIS AVENUE<br>        HANOVER, MA 02339 | A TRUE COPY, ATTEST<br>*Dianne M Hog*<br>**DEPUTY SHERIFF** |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

**WE COMMAND YOU,** therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---|
| 1. Judgment Total | $20,381.88 |
| 2. Date Judgment Entered | 11/12/2009 |
| 3. Date Execution Issued | 11/25/2009 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 13 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution *(Lines 1x4x5)* | $87.11 |
| 7. Postjudgment Costs *(if any)* | $0.00 |
| 8. Credits *(if any)* | $0.00 |
| 9.   **EXECUTION TOTAL** ( *Lines 1 + 6 + 7, minus Line 8*) | $20,468.99 |

LEVYING OFFICER:    (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law:

| TESTE OF FIRST JUSTICE<br>WITNESS:   Hon. Patrick J. Hurley | (L.S.) | DATE EXECUTION ISSUED<br>11/25/2009 | CLERK-MAGISTRATE/ASST. CLERK<br>X |
|---|---|---|---|

Date/Time Printed:   11/25/2009 10:24 AM

FORM NO.



The Commonwealth of Massachusetts

*County of Plymouth*

## Sheriff's Department
### Process Office

22 Cottage Street

P.O. Box 1663
Brockton, MA 02303-1663
Telephone: Brockton: (508) 580-2110
Telephone: Plymouth: (508) 746-8800
Fax: (508) 586-8649



Joseph D. McDonald, Jr.
Sheriff

Gerald C. Pudolsky
Special Sheriff

Patrick C. Lee
General Counsel

Date: 12/7/2009   Time: 8:33 AM

Plaintiff: Rachel Holding Corp.

Plaintiff's Attorney:  Gold & Vanaria, P.C.
Attorney's telephone number:  (413)747-7700

Defendant:  **David Cross a/k/a David M. Cross**

**Book: 29094  Page: 82 - 83**

Court of Issue: Hingham District   Execution # 200958CV000687

*# See attached*

By virtue of the attached execution, the original of which is in my hands for the purpose of taking the above described real estate, I have this day levied upon, seized and taken all right, title and interest that the within named Judgment Debtor had in such real estate in Plymouth County**when it was attached on mesne process on September 14, 2009.**

Attached is a true copy of this execution on the above so much of my return as relates to the levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff
Administrative

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM
HULL • KINGSTON • LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH
PLYMPTON • ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN

A certain parcel of land with the buildings thereon situated on the Northeasterly side of Ellis Avenue in Hanover, Plymouth County, Massachusetts, at its intersection with Berry Street, shown as Lot 314 on a plan by Lewis W. Perkins & Son, Engineers, dated August 10, 1956, recorded with Plymouth Deeds, Plan Book 10, Page 1028, and bounded and described, according to said plan, as follows:

NORTHEASTERLY            by land of Petrell Land Development Corp., 211.26 feet;

SOUTHEASTERLY           by lot 315, 200 feet;

SOUTHWESTERLY          by the Northeasterly sideline of Ellis Avenue, 102.37 feet;

SOUTHWESTERLY          again,

WESTERLY and
NORTHWESTERLY          by a curve having a radius of 35 feet a distance of 39.05
                       feet (being the sideline of Ellis Avenue as its intersection
                       with Berry Street); and

NORTHWESTERLY          again by the Southeasterly sideline of Berry Street and by
                       land of Petrell Land Dvelopment Corp., 149.79 feet

Containing 30,318 square feet.