UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>DAVID CROSS<br><br>Debtor. | Chapter 13<br>Case No. 18-11293-JNF |

## STIPULATION

NOW COME the parties, through their respective undersigned counsel, and request that this Honorable Court enter the following stipulation as an order of the Court.

### STATEMENT OF MATERIAL FACTS

1. David Cross (the "**Debtor**") is an individual who asserts an ownership interest in the real property known as and numbered 17 Ellis Avenue, Hanover, Plymouth County, Massachusetts (the "**Property**").

2. U.S. Bank Trust N.A., as Trustee of the Bungalow Series F Trust, as serviced by BSI Financial Services ("**U.S. Bank Trust**") has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3. On March 22, 2010, the Debtor and Keri L. Cross (the "**Codebtor**") executed and delivered to First Horizon Loan Corporation (the "**Lender**") a note in the original amount of $305,000.00 (the "**Note**"). Simultaneously therewith, as security for the obligations under the Note, the Debtor and Codebtor executed and delivered to the Lender a mortgage (the "**Mortgage**") on the Property.

4. U.S. Bank Trust is the assignee of the Mortgage.

## The Bankruptcy

5. On April 10, 2018, the Debtor filed a Chapter 13 petition, commencing the above-captioned case.

6. On February 12, 2019, the Trustee submitted a proposed confirmation order regarding Debtor's amended Chapter 13 plan.

7. On February 28, 2019, U.S. Bank Trust filed its motion for relief from stay regarding the Note, Mortgage and Property, alleging post-petition arrears owed as the grounds for relief from stay (the "**Motion for Relief**").  Doc. No. 48.

8. On March 11, 2019, the Debtor filed his opposition to the Motion for Relief.  Doc. No. 49.

WHEREAS, the parties hereto desire to resolve all differences between them, the parties STIPULATE and AGREE as follows:

A. The Debtor acknowledges and agrees that the monthly payment amount under the Note and Mortgage as of March 2019 was $1,886.58.  The Debtor also acknowledges and agrees that he is currently delinquent on his post-petition payments under the Note and Mortgage and, therefore, there exists good cause to grant U.S. Bank Trust relief from the automatic stay regarding the Property.

B. The Debtor acknowledges and agrees that the post-petition arrears, including the March 2019 payment, total $4,998.38[1] (the "**Post-Petition Arrears**"), comprised of the following:

   1. $3,773.16 in monthly mortgage payments for February 2019 through March 2019 (2 x $1,886.58); and

---

[1] This amount includes payments received by the lender through March 11, 2019.  If the Debtor has made additional payments to date that have not yet been received by the lender, such payments will be credited against the amounts due under this stipulation agreement.

2

    2. $1,306.00 that U.S. Bank Trust has incurred in legal fees and costs in filing and prosecuting the Motion for Relief, including a fee of $275.00 for the preparation and filing of this agreement; less

    3. $80.78 that U.S. Bank Trust is holding as a post-petition credit.

C. The parties agree to the following:

    1. The Debtor shall pay the regular monthly mortgage payments on the Property as they become due, beginning with the April 1, 2019 payment; and

    2. The Debtor shall cure the post-petition arrears in the amount of $4,998.38 on or before April 19, 2019.

    **3. SHOULD THE DEBTOR FAIL TO MAKE THE PAYMENTS IN THE AMOUNTS AND BY THE DEADLINES DESCRIBED IN PARAGRAPH C(1) OR C(2) ABOVE DURING THE TIME PERIOD ENDING APRIL 19, 2019, THEN U.S. BANK TRUST (OR ITS SUCCESSORS-IN-INTEREST, IF ANY) MAY FILE AN AFFIDAVIT OF NONCOMPLIANCE (THE "AFFIDAVIT") THAT WILL REQUEST, AMONG OTHER THINGS, THAT THIS COURT GRANT U.S. BANK TRUST RELIEF FROM THE AUTOMATIC STAY AND, UPON COURT APPROVAL OF THE AFFIDAVIT AND THE GRANTING OF RELIEF FROM STAY, U.S. BANK TRUST MAY PURSUE ITS RIGHTS AND REMEDIES PURSUANT TO THE NOTE AND MORTGAGE WITHOUT FURTHER HEARING, INCLUDING BUT NOT LIMITED TO PURSUING ITS RIGHT TO FORECLOSE THE MORTGAGE AND TO PURSUE SUMMARY PROCESS PROCEEDINGS.**

D. By entering into this Stipulation, U.S. Bank Trust in no way waives or forfeits its rights to collect any pre-petition or post-petition arrears under applicable law, and in no way alters the terms, conditions, or its rights under the Note and Mortgage.

[Signatures appear on the following page]

| | |
|---|---|
| U. S. BANK TRUST N.A., AS TRUSTEE OF THE BUNGALOW SERIES F TRUST, AS SERVICED BY BSI FINANCIAL SERVICES, <br><br> By its attorneys, <br><br> SASSOON & CYMROT, LLP, <br><br> /s/ *Stephanie E. Babin* <br> Stephanie E. Babin, Esq. (BBO#689167) <br> Richard C. Demerle, Esq. (BBO#652242) <br> 84 State Street <br> Boston, MA 02109 <br> (617) 720-0099 <br> SBabin@SassoonCymrot.com | DAVID CROSS, <br><br><br> By his attorney, <br><br><br><br> /s/ *Peter M. Daigle* <br> Peter M. Daigle, Esq. <br> The Law Office of Peter M. Daigle, P. C. <br> 1550 Falmouth Road, Suite 10 <br> Centerville, MA 02632 <br> (508) 771-7444 <br> pmdaigleesq@yahoo.com |

DATE:  March 26, 2019

## MLBR APPENDIX 8 REPRESENTATION

Pursuant to MLBR Appendix 8, Rule 8, Stephanie E. Babin, Esq. of the law firm of Sassoon & Cymrot, LLP hereby represents that she has authority to consent on behalf of other parties who are purported signatories to the above document – specifically, the consent of Peter M. Daigle, Esq., counsel to debtor David Cross.

/s/ *Stephanie E. Babin*
Stephanie E. Babin, Esq.